# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-7210 PA (SKx) | Date | November 16, 2017 |
| Title | Willis Gurevich v. BMW of N. Am., LLC | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff: Attorneys Present for Defendant:

None None

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Willis Gurevich ("Plaintiff") (Docket No. 9). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 27, 2017, is vacated, and the matter taken off calendar.

Plaintiff filed his Complaint in Los Angeles Superior Court on August 31, 2017. In his Complaint, Plaintiff alleges that, on May 2, 2014, he leased a BMW M6 automobile manufactured by defendant BMW of North America, LLC ("BMW"). According to the Complaint, the automobile, with a gross capitalized cost of $133,066.26, and monthly lease payments in excess of $1,900, suffered from numerous defects that caused the vehicle to be out of service for 90 days. These defects included a defective engine that misfired, stalled, showed error codes, lost power, and caused the vehicle to shake, drivetrain issues, a defective coolant system, and defective tires. BMW and its authorized dealers were unable to repair the vehicle. Plaintiff alleges that he revoked acceptance of the vehicle on February 2, 2017, but that BMW refused to reacquire the vehicle. Plaintiff returned the vehicle at the expiration of the lease term. Plaintiff's Complaint asserts claims for: (1) breach of written warranty pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; (2) breach of implied warranty pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; (3) violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1793.2; and (4) breach of warranty pursuant to the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790. Among other relief, Plaintiff seeks to recover "all monies paid" and his attorneys' fees.

Plaintiff served BMW with the Complaint on September 1, 2017. BMW filed its Answer on September 28, 2017, and filed its Notice of Removal on September 29, 2017. In its Notice of Removal, BMW alleges that this Court possesses federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a result of Plaintiff's inclusion in his Complaint of the claims brought under the Magnuson-Moss Warranty Act ("Magnuson-Moss"), and supplemental jurisdiction of the Song-Beverly Consumer Warranty Act claims pursuant to 28 U.S.C. § 1367.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7210 PA (SKx) | Date | November 16, 2017 |
|---|---|---|---|
| Title | Willis Gurevich v. BMW of N. Am., LLC | | |

In his Motion to Remand, Plaintiff asserts that the action should be remanded because "the crux of the Plaintiff's case arises from the Song-Beverly Act which has higher remedies in it than the Federal counterparts" and Magnuson-Moss "supplements" state law. Plaintiff also challenges the Notice of Removal's allegations concerning the amount in controversy, and although admitting that a recovery in excess of the jurisdictional minimum "is a possible recovery," contends that such a recovery "taxes credulity" because it would require Plaintiff to establish BMW's willfulness and "hit a home run at trial and recover the maximum or some amount close to it."

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Magnuson-Moss allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for damages and other legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). Magnuson-Moss also establishes that no such claim may be brought in the United States District Courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(A) & (B). Put

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7210 PA (SKx) | Date | November 16, 2017 |
|---|---|---|---|
| Title | Willis Gurevich v. BMW of N. Am., LLC | | |

another way, federal courts only have jurisdiction over Magnuson-Moss claims such as those alleged by Plaintiff if the amount in controversy exceeds $50,000.

When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint alleges two Magnuson-Moss claims involving an allegedly defective vehicle with a gross capitalized cost of $133,066.26. Plaintiff alleges that he leased the vehicle on May 2, 2014, and that his lease ran through at least February 7, 2017, a minimum of 33 months, when BMW refused to reacquire the vehicle. According to the lease contract attached to the Complaint, which is a difficult-to-read copy, Plaintiff's monthly lease payment was in excess of $1,900. For the minimum 33 months of the lease, Plaintiff appears to have paid at least $62,700. Because Plaintiff's Complaint seeks the "[r]eturn of all monies paid," the amount in controversy is at least $62,700. BMW's allegations in its Notice of Removal, and the documents attached to it, therefore establish by a preponderance of the evidence that the amount in controversy exceeds $50,000. As a result, BMW properly invoked the Court's federal question jurisdiction in its Notice of Removal, and this Court possesses subject matter jurisdiction over the Magnuson-Moss claims and supplemental jurisdiction over the Song-Beverly Consumer Warranty Act claims.[1/]

The fact that Plaintiff may view the Magnuson-Moss claims as "supplemental" or inferior to his state law claims does not change the fact that, as the "master of the claim," he elected to include those federal question claims in his Complaint. Just because Plaintiff apparently views the remedies provided by the Song-Beverly Consumer Warranty Act as "better" than those provided by Magnuson-Moss does not allow the Court to conclude that the state law claims "substantially predominate" over the federal claims to warrant dismissal or remand under 28 U.S.C. § 1367(c)(2). However, should Plaintiff dismiss his Magnuson-Moss claims by no later than December 1, 2017, the Court would exercise its discretion to decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §

---

[1/] Because the Court possesses federal question jurisdiction under 28 U.S.C. § 1331, and BMW did not allege that the Court possesses diversity jurisdiction over this matter in its Notice of Removal, the Court declines to address BMW's contention, asserted for the first time in its Opposition to the Motion to Remand, that the Court may also possess diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7210 PA (SKx) | Date | November 16, 2017 |
|---|---|---|---|
| Title | Willis Gurevich v. BMW of N. Am., LLC | | |

1367(c)(3), and remand the state law claims so that Plaintiff could pursue those claims in the Superior Court. See 28 U.S.C. § 1367(c)(3); Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining.").

For all of the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.